UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wilton Mark Daley,  #03573-017, | ) C/A No. 3:06-476-GRA-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Harley G. Lappin;<br>FNU Holt;<br>M. Pettiford;<br>FNU Cole;<br>FNU Troutman;<br>FNU Tanner;<br>K. Wells;<br>FNU Harding, | ) |
| Defendants. | ) |

The plaintiff, Wilton Mark Daley (Plaintiff), proceeding *pro se*, brings this action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971).[1] Plaintiff is an inmate at Federal Correctional Institution in Bennettsville, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as defendants employees of the Bureau of Prisons.[2] Plaintiff claims his right to due process has been violated by the defendants during his attempts to file several grievances. Plaintiff claims to have been refused the opportunity to exhaust his administrative remedies as required by law. *See* 42 U.S.C. § 1997e(a)(2), as amended by 108 Stat. 1833-1834,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

§ 20416(a)(1)(A), (B) (1994). The complaint should be dismissed for failure to exhaust available administrative remedies.

## *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard,

however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Although the plaintiff has filed this claim under 42 U.S.C. § 1983, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law.[3] The undersigned is treating this civil action as a Bivens action. *See* Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. *See* Harlow v. Fitzgerald, 457 U.S. 800, 814-820 & n. 30 (1982). Harlow, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, involves a federal official as a

---

[3] Title 42 U.S.C. § 1983 applies to "[e]very person who, under *color of* any statute, ordinance, regulation, custom, or usage, of *any State* or Territory or the District of Columbia...." [emphasis added].

defendant. In footnote 30 of the opinion in Harlow, the Supreme Court stated that Harlow was applicable to state officials sued under 42 U.S.C. § 1983. Case law involving claims brought under § 1983 is applicable in Bivens actions. Farmer v. Brennan, 511 U.S. 825 (1994). *See also* Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 & n. 5 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 & n. 2 (4th Cir. 1987).

Federal prisoners must exhaust available administrative remedies before bringing an action seeking relief from conditions of confinement in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held "that § 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle 534 U.S. 516 (2002). In Porter, supra, the Court makes it clear that the PLRA's exhaustion requirement applies to all prisoner suits concerning prison life, and "resort to a prison grievance process must precede resort to a court." Id. at 534. *See also* Booth v. Churner, 531 U.S. 956 (2001). The complaint reveals that plaintiff has not exhausted available administrative remedies.

The Federal Bureau of Prisons has established an administrative procedure whereby a federal inmate may seek review of complaints relating to his confinement. *See* 28 C.F.R. §§ 542.10- 542.16. After informal attempts to resolve the matter with staff have failed, the plaintiff must present his claims to the Warden of the Federal Correctional Institution in Bennettsville. 28 C.F.R. § 542.13(b). If not satisfied with the Warden's decision, the plaintiff

must appeal that determination to the Regional Director of the Federal Bureau of Prisons. 28 C.F.R. § 542.15.

In response to form questions in the Complaint concerning exhaustion of administrative remedies, Plaintiff states "Correctional Counselor Cole refused to provide BP-9 for the next step of this remedy." Complaint at 2. The statement of claim also alleges Plaintiff "requested a BP-9, the next step of a Bureau of Prison informal resolution from CC Cole. CC Cole told me she could not give me a BP-9. I needed to do another BP-8." Complaint at 5. The complaint makes allegations against the other defendants for "thwart [sic] due process" and "no address regarding my attempt to due process." Complaint at 6.

The plaintiff admits that he has not exhausted administrative remedies, but claims his attempts to access the grievance system have been denied. Attached to the Complaint are copies of three informal resolution forms. All three of the forms have a response that explained to Plaintiff that he "must also complete section 2 and section 3 of this form when submitting an informal resolution." Plaintiff was informed that he needed to re-submit an informal resolution, properly completed, to be considered. He failed to do so. The plaintiff has failed to exhaust his administrative remedies prior to bringing suit in this court. The complaint should be dismissed for failure to exhaust administrative remedies.

Even if Plaintiff had exhausted his administrative remedies, or the administrative process was found to be futile in this case, which would allow the action to proceed without exhaustion, the complaint fails to state a claim on which relief may be granted. To state a cause of action under <u>Bivens</u>, Plaintiff must allege the violation by federal officials of a federal constitutional right. The complaint alleges violation of due process in relation to the BOP's administrative remedies program. The U. S. Constitution creates no entitlement to the

existence of, or access to, grievance procedures.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1994), *cert. denied*, 488 U.S. 898 (1988); and Adams v. Rice, 40F.3d 72, 75 (4th Cir. 1994).  Plaintiff's alleged denial of access to the BOP administrative remedy process as a violation of due process fails to state a claim under Bivens.  The complaint should be dismissed for failure to exhaust administrative remedies and failure to state a claim on which relief may be granted.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(ii)[fails to state a claim on which relief may be granted]; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The plaintiff's attention is directed to the notice on the following page.

                          Respectfully submitted,

                          Joseph R. McCrorey
                          United States Magistrate Judge

February 28, 2006
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**