**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Wilton Mark Daley, #03573-017,<br><br>                      Plaintiff,<br><br>    v.<br><br>Harley G. Lappin; FNU Holt;<br>M. Pettiford; FNU Cole;<br>FNU Troutman, FNU Tanner; K. Wells,<br>FNU Harding,<br><br>                      Defendants. | C/A No. 3:06-476-GRA-JRM<br><br>**ORDER**<br>(Written Opinion) |

      This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed March 1, 2006. The magistrate has treated Plaintiff's claim as a *Bivens* action. The magistrate recommends dismissing the complaint without prejudice and without issuance and service of process for failure to exhaust administrative remedies and failure to state a claim on which relief can be granted.

      Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454

1

U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th

Cir. 1983). Plaintiff filed objections to the Report and Recommendation on March 10, 2006.

The magistrate recommends dismissing Plaintiff's case because he has not exhausted his administrative remedies. The magistrate made this finding based on the fact that Plaintiff admits that he failed to re-submit three informal resolution forms when Plaintiff was informed that such forms had to be properly completed to be considered. The informal resolution form (Plaintiff refers to them as BP-8 forms) is the initial step to seek redress for a prisoner grievance. Specifically, Plaintiff failed to complete sections two and three of each BP-8 form, and each form was returned with a notation stating that Plaintiff must complete these sections to "warrant a response." Rather than re-submit these forms, properly completed, Plaintiff requested "BP-9" forms, the next step of a Bureau of Prison informal resolution. Defendants denied Plaintiff his requests for BP-9 forms because he failed to properly complete the initial BP-8 forms.

Plaintiff objects to the magistrate's recommendation to dismiss for failure to exhaust administrative remedies, stating:

> The BP-8 form that were provided to the Plaintiff are illegitimate. Sections 2 and 3 must be completed my the staff investigating the report. A copy of a legitimate BP-8 form is attach to this response for comparison. This legitimate BP-8 form was issued at this prison in another unit to another inmate. CC Cole has issued other inmates similar forms. There are no section 2 and 3 on those forms.

The fact that the Bureau of Prisons may use different grievance forms in different units does not excuse Plaintiff from following the simple direction to fully

3

complete the informal resolution forms given to him. Section 2 of the BP-8 form asks, "What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?" Section 3 of the same form asks, "What action does the inmate wish to be taken to correct the issue?" The Court does not understand Plaintiff's refusal to answer these simple questions. Plaintiff appears to ask this Court to allow him to dictate his own terms in seeking a remedy for his alleged grievances, outside the procedures established by the Federal Correctional Institution in Bennettsville, South Carolina, where Plaintiff is housed. The Court will not do so. Plaintiff's objection is without merit.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety. As a result, the Plaintiff's complaint is dismissed for failure to exhaust federal prison remedies. 42 U.S.C. § 1997e(a).

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March __14__, 2006.

4

**NOTICE OF RIGHT TO APPEAL**

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.